14-842-cv
*Velazco v. Columbus Citizens Foundation, et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 13th day of February, two thousand fifteen.

Present:
 ROBERT A. KATZMANN,
  *Chief Judge*,
 AMALYA L. KEARSE,
 REENA RAGGI,
  *Circuit Judges*.

---

HUGO VELAZCO,                                          No. 14-842-cv

 *Plaintiff-Appellant,*

  v.

COLUMBUS CITIZENS FOUNDATION, JOHN
BODEN, an individual,

 *Defendants-Appellees.*

---

For Plaintiff-Appellant:          Michael J. Borrelli, Alexander T. Coleman, Jeffrey R.
                                  Maguire, Borrelli & Associates, P.L.L.C., Great Neck,
                                  NY.

For Defendants-Appellees:         Michael A. Miranda, Miranda Sambursky Slone Sklarin
                                  Verveniotis LLP, Mineola, NY.

Appeal from the United States District Court for the Southern District of New York (Daniels, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED** in part.

Plaintiff-Appellant Hugo Velazco appeals from a judgment entered on February 24, 2014 by the United States District Court for the Southern District of New York (Daniels, *J.*), granting summary judgment to the defendants on the plaintiff's claims of age discrimination under, *inter alia*, the Age Discrimination in Employment Act ("ADEA"). *See* 29 U.S.C. §§ 621–634. On appeal, Velazco contends that the district court erred in granting summary judgment in defendants' favor because, according to Velazco, a reasonable juror could have found liability after drawing all reasonable inferences in Velazco's favor.[1] We assume the parties' familiarity with the underlying facts, procedural history, and issues presented for review.

This court reviews *de novo* a district court's grant of summary judgment, drawing all reasonable factual inferences in the non-moving party's favor. *See Wrobel v. Cnty. of Erie*, 692 F.3d 22, 27 (2d Cir. 2012).

Even assuming *arguendo* the plaintiff's contention that the subordinate bias (or "cat's paw") theory of liability also applies to ADEA claims, Velazco's claim must nevertheless fail. To sustain an ADEA claim, Velazco had to show that animus toward his age was a "but-for cause" of the decision by Columbus Citizens Foundation ("CCF") to terminate him. *See Gross v. FBL Fin. Servs. Inc.*, 557 U.S. 167, 177–78 (2009); *Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 167–70 (2d Cir. 2014) (affirming summary judgment where evidence would not "permit a jury to

---

[1] Velzco also argues that the district court erred by failing to analyze Velazco's New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code. § 8–101 *et seq.*, claim separately and independently from his federal and state age discrimination claims. We address this issue in a separate opinion, in which we hold that the district court erred in not analyzing Velazco's NYCHRL claim separately and independently. Finally, on appeal, Velazco has expressly abandoned his claim under New York state law, which was dismissed in the district court, and which we do not review.

find that age was the but-for cause of the challenged adverse employment action" (internal quotation marks and alteration omitted)). In this case, no reasonable juror could have concluded that animus toward Velazco's age was the but-for cause of CCF's termination decision, both because the subordinate who was accused of animus in fact recommended a two-week suspension rather than termination, and because the ultimate decision-maker found the plaintiff's actions—taking a member's car out for the apparent purpose of personal shopping—"egregious[]." J.A. 487.

We have considered all of the plaintiff's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court dismissing the ADEA claim is **AFFIRMED**.


FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK